People v Anthony P. (2020 NY Slip Op 05591)





People v Anthony P.


2020 NY Slip Op 05591


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Ind No. 5059/84 Appeal No. 11998 Case No. 2018-03518 

[*1]The People of the State of New York, Respondent,
v
Anthony P., Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Order, Supreme Court, New York County (Juan M. Merchan, J.), entered on or about January 9, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People met their burden of establishing, by clear and convincing evidence, that 20 points should be assessed under the risk factor for the number of victims in the underlying offense, in which defendant attacked a teenage couple, both 14 years old. Defendant argues that he did not engage in any sexual misconduct against the male victim. However, defendant was convicted of two counts of second-degree kidnapping as to both victims, for binding and blindfolding the boy in Central Park, and then taking the girl to a wooded area of the park and raping her. Kidnapping a person younger than 17 requires sex offender registration, with an exception that does not apply here (see People v Knox, 12 NY3d 60 [2009], cert denied 558 US 1011 [2009]; Correction Law § 168-a[2][a][i]). Although Knox deals with the issue of registrability, its reasoning is persuasive in the present context, with regard to the boy's status as a second victim.
Alternatively, we find the court providently exercised its discretion in finding that an upward departure to level three would be warranted had the presumptive risk level been level two, and in declining to grant a downward departure to level two (see People v Gillotti, 23 NY3d 841 [2014]). Some of the mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, and any mitigating factors were outweighed by the seriousness of defendant's record, including the underlying offense. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020